IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ENCANA OIL & GAS (USA) INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| TSC SIEBER SERVICES, L.C., DAKOTA UTILITY CONTRACTORS, INC., STAR TRACTOR, LTD., DARBY EQUIPMENT COMPANY, L.L.C., HOLT TEXAS, LTD. d/b/a HOLT CAT, KEY ENERGY SERVICES, INC., PRICE SUPPLY INC., RED BALL OXYGEN CO., INC., UNITED RENTALS, INC., TRANSAMERICAN UNDERGROUND, LTD., and CLEARTRAC, LLC. | § § § § § § § § § § § | No. 3:09-CV-1791-M |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Transfer Venue of Stephen J. Zayler, Bankruptcy Trustee (the "Trustee") for TSC Sieber Services, L.C. ("Sieber") [Docket Entry #24]. For the reasons stated below, the Motion is **GRANTED**.

*Background*

EnCana Oil & Gas (USA) Inc. ("EnCana") engages in exploration of natural gas and owns pipelines in Texas. EnCana entered into a Master Service Agreement (the "MSA") with Sieber for construction services. The MSA requires Sieber to promptly pay its workmen, materialmen, and subcontractors, and gives EnCana the right to withhold payment if Sieber does not do so. EnCana hired Sieber to construct a natural gas gathering line in Robertson County,

1

Texas (the "Project"). Sieber allegedly failed to pay its subcontractors and materialmen, and pursuant to the MSA and Texas law, EnCana withheld all unpaid amounts due and owing to Sieber and, on October 2, 2009, interpled $345,665.50 into the registry of the Court. The Defendants are those subcontractors and materialmen on the Project that EnCana believes are entitled to a portion of the interpled funds. With respect to the interpled funds, TransAmerican Underground, Ltd. ("TAUG") claims $96,300, Red Ball Oxygen Co., Inc. claims $6,506.86, Darby Equipment Co., L.L.C. claims $39,453.83, Dakota Utility Contractors, Inc. claims an unspecified amount, and Holt Texas, Ltd. claims $250,737.90. The other Defendants have not filed an answer. Encana seeks a release of liability from the Defendants, a release of liens by the Defendants, an injunction against the filing of any further action to recover these funds, and its costs and fees.

On October 17, 2009, Sieber filed for bankruptcy in the United States District Court for the Eastern District of Texas, Tyler Division, and this Court entered an automatic stay, pursuant to 11 U.S.C. § 362(a).[1] The Trustee moves to transfer this case to the United States District Court for the Eastern District of Texas, Tyler Division, for referral to the United States Bankruptcy Court. Encana and Red Ball support the Motion to Transfer, which is opposed by TAUG. TAUG alleges it was a mineral subcontractor to Sieber, and TAUG asserts a mineral lien of $96,300 against the Project in Robertson County, Texas. The other Defendants have taken no position on the Motion to Transfer, or have not entered an appearance.

*Legal Standard*

The parties dispute whether this interpleader action is a core or non-core proceeding with respect to the bankruptcy case. Because this action was initiated before Sieber's bankruptcy, and

---

[1] The bankruptcy court lifted the automatic stay for the limited purpose of permitting the Court to rule on the Trustee's Motion to Transfer.

neither arises under the Bankruptcy Code nor arises in a bankruptcy case, this Court concludes it is not a core matter.[2] However, the interpled funds affect the bankruptcy estate, and this action is therefore "related to" the bankruptcy case, under 28 U.S.C. §§ 157 and 1334.[3]

The Trustee moves to transfer venue under 28 U.S.C. §§ 1404 and 1412. These statutes contain similar language and have been similarly applied, but courts have recognized two differences: "1) 28 U.S.C. § 1412 is disjunctive ('in the interest of justice or for the convenience of the parties') and 28 U.S.C. § 1404(a) is conjunctive ('[f]or the convenience of parties and witnesses, in the interest of justice'); and 2) 28 U.S.C. § 1404(a) includes an additional requirement that the transferee court be one in which the action could have been brought originally. Thus, 28 U.S.C. § 1404(a) sets the bar a bit higher than 28 U.S.C. § 1412."[4]

Under 28 U.S.C. § 1404(a), a district court may transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have [originally] been brought." This action could have originally been brought in the Tyler Division of the Eastern District of Texas because it is an interpleader action and Defendants Sieber and Darby Equipment reside there.[5]

The law in the Fifth Circuit requires that a district court consider a number of private and public interest factors when determining whether to grant a motion to transfer.[6] The private

---

[2] *See In re EOTL Sys., Inc.*, No. 03-31017-BJH-7, 2004 WL 1943434, at *2 (Bankr. N.D. Tex. Jan 12, 2004).
[3] *See generally In re TXNB Internal Case*, 483 F.3d 292, 298 (5th Cir. 2007) ("[T]he test for whether a proceeding properly invokes federal 'related to' jurisdiction is whether the outcome of the proceeding could conceivably affect the estate being administered in bankruptcy. Certainty is unnecessary; an action is 'related to' bankruptcy if the outcome could alter, positively or negatively, the debtor's rights, liabilities, options, or freedom of action or could influence the administration of the bankrupt estate.") (internal citations omitted).
[4] *Quicksilver Res. Inc. v. Eagle Drilling, LLC*, No. H-08-0868, 2010 WL 1633348, at *4 (S.D. Tex. Apr. 22, 2010); *see also City of Clinton, Ark. v. Pilgrim's Pride Corp.*, No. 4:09-CV-386-Y, 2009 WL 4884430, at *2 (N.D. Tex. Dec. 17, 2009); *Sabre Techs., L.P. v. TSM Skyline Exhibits, Inc.*, No. H-08-1815, 2008 WL 4330897, at *9 (S.D. Tex. Sept. 18, 2008).
[5] *See* 28 U.S.C. § 1397.
[6] *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004); *City of Clinton*, 2009 WL 4884430, at *2 (noting that courts consider the same sort of factors under § 1412 and § 1404).

interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive.[7] The public interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems regarding conflict of laws or the application of foreign law.[8]

The movant has the burden to show good cause for the transfer.[9] The burden on the movant is "significant," and for a transfer to be granted, the transferee venue must be "clearly more convenient than the venue chosen by the plaintiff."[10]

*Analysis*

A. Private Interest Factors

Encana, Debtor Sieber (through the Trustee), and claimant Red Ball agree to a transfer to Tyler. TAUG argues that Dallas is a convenient forum for it and the other Dallas based Defendants, who have taken no position. The parties make only a cursory analysis of the private interest factors, which the Court finds are neutral.

B. Public Interest Factors

The third public interest factor and a general concern for inconsistent determinations favor transferring this action to the Eastern District of Texas. "Under § 1412 'promot[ing] the efficient administration of the bankruptcy estate' is an important factor."[11] Transferring the related interpleader action promotes the efficient resolution of the bankruptcy estate by

---

[7] *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) (*Volkswagen II*).
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Sabre*, 2008 WL 4330897, at *9.

consolidating the dispute into one forum and eliminating the risk of conflicting rulings, which will result if the bankruptcy court inconsistently determines the subcontractors' claims against the contractor-debtor.[12]  The Defendants that filed answers claim unpaid amounts due and owing, which, in the aggregate, exceed the amount interpled by Encana.  The bankruptcy court is in the best position to determine the amount owed by Encana, evaluate the Defendants' claims, and make equitable distributions in light of the bankruptcy estate.  The second factor is neutral because the Project occurred and TAUG's lien is recorded in the Western District of Texas, and the parties are spread throughout Texas and Louisiana.  The third factor strongly favors transferring this action, where it will be heard by a bankruptcy judge with special familiarity of bankruptcy law and knowledge of the bankruptcy estate.[13]  As to the first and last factors, the parties have not identified any risk of administrative difficulties or conflict of law issues.  After weighing the relevant factors, the Court concludes that this case should be transferred to the Eastern District of Texas.

*Conclusion*

For the reasons stated above, the motion to transfer venue to the Eastern District of Texas, Tyler Division, for referral to the United States Bankruptcy Court, is **GRANTED**.  It is further **ORDERED** that the interpled funds of $345,665.50 be transferred to the Clerk of the U.S. District Court for the Eastern District of Texas.

**SO ORDERED.**

August 20, 2010.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

---

[12] *Id.*; *see also City of Clinton*, 2009 WL 4884430, at *4 ("[I]t is generally presumed that the district in which the underlying bankruptcy is pending is the appropriate district for the related proceeding.").
[13] *See Sabre*, 2008 WL 4330897, at *9.

5